CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/9/2026
LAURA A. AUSTIN, CLERK
BY: s/ C. Amos
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

THOMAS F. BOWLING,

          *Plaintiff*,

v.

BANK OF AMERICA, N.A.,

          *Defendant.*

CASE NO. 6:25-CV-00041

MEMORANDUM OPINION

JUDGE NORMAN K. MOON

    Defendant Bank of America, N.A. ("Bank of America") moves to dismiss *pro se* Plaintiff Thomas Bowling's Complaint in this case. Bank of America argues that Bowling's Complaint fails to meet Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements. The Court agrees. Bank of America's motion will be granted.

    **I.**    **Background**

    Bowling submitted a loan application for an auto loan with Bank of America. Dkt. 1 at 4.[1] Along with the application, he also "requested a Power of Attorney" and sent a "tender" to Bank of America's chief financial officer, Alastair Borthwick, with instructions to process his application. *Id.* Bank of America denied the application due to Bowling's (i) prior foreclosure or repossession; (ii) lien or judgment charge-offs; (iii) several major derogatory accounts; and (iv) recent major derogatory ratios. *Id.*; Dkt. 1-1 at 10. After receiving the denial, Bowling sent several "follow-ups," which he alleges were ignored. Dkt. 1 at 4. He further alleges Back of America misused his Social Security Number, "violating federal privacy law." *Id.*

---

[1] Bowling made several filings which lack page, paragraph, or exhibit numbers. Therefore, the page numbers are cited based on the identifications affixed by the docketing system to the top of each page.

Bowling filed this Complaint against Bank of America alleging three causes of action: breach of fiduciary duty, embezzlement, and commercial dishonor. Dkt. 1 at. 4. In addition, he filed a "brief in support of complaint," which includes a laundry list of federal laws and regulations and raises seven additional causes of action including: (i) unlawful denial of loan application; (ii) failure to apply interest and equity setoff; (iii) refusal to retract loan application; (iv) negligence and breach of fiduciary duty; (v) privacy violations and unauthorized use of social security number; (vi) embezzlement and misuse of financial instruments, and (vii) violation of federal reserve intermediary duties. Dkt. 2 at 4-5. Bank of America filed a Motion to Dismiss asserting that Bowling did not meet the pleading requirements of Rule 8(a)(2) because his Complaint fails to include facts supporting his claims and fails to allege how these claims relate to Bank of America's denial of his loan application. Dkt. 11. Bowling responded with the bare assertion that the Complaint "distinctly articulates separate causes of actions." Dkt. 15 at 3. Bowling seeks $20,000,000 in compensatory and punitive damages. Dkt. 1 at 5.

II.     **Legal Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In order to satisfy the Rule 8 pleading requirements, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* If a plaintiff fails to meet the pleading requirements of Rule 8, Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of the complaint. *Twombly*, 550 U.S. at 555.

### III.     Discussion

As an initial matter, Bowling is proceeding *pro se* and the Court must construe his Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even with the required liberal construction, his Complaint fails on its face.

The Complaint contains a single paragraph stating he submitted a loan application, that Bank of America denied the application, and that this led Bank of America to breach its alleged fiduciary duty to Bowling and engage in embezzlement and commercial dishonor. Dkt. 1 at 4. The Complaint asserts, in bullet point form, six federal statutes that are purportedly at issue. *Id.* at 3. However, the Complaint fails to allege any specific wrongdoing committed by Bank of America, except for the bare allegation that it denied his loan application request and mishandled his social security number during processing. *Id.* It fails to include facts to support *how* Bank of America engaged in the alleged breach of its fiduciary duty, embezzlement, commercial dishonor and mishandling of his social security number. Further, it fails to allege how the listed statutes relate to these claims or what specific provisions of the listed statutes Bank of America violated.

The brief filed in support of his Complaint does not cure these flaws. Rather than including facts about how Bank of America violated the enumerated statutes, the brief merely lists seven additional causes of action and eleven statutes. *See* Dkt. 2. It is not the duty of the Court or the Defendant to parse the statutes for the Plaintiff. In order to survive a motion to dismiss, Bowling must allege facts to allow the Court to infer that "all elements of [his] claim[s]" exists. *Jordan v. Alternative Res. Corp.*, 458 F.3d. 332, 346 (4th Cir. 2006). Bowling's Complaint is woefully lacking in factual allegations to support his claim to relief as required by Federal Rule of Civil Procedure 8(a)(2).

### IV.     Conclusion

For the foregoing reasons, Bowling's Complaint will be dismissed without prejudice.

A separate Order will follow.

Entered this 9th day of January, 2026.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE